IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| WARREN SKILLERN, | : |
| | : |
| Petitioner, | : |
| | : |
| v. | : CIVIL ACTION NO. |
| | : 2:03-CV-117-RWS |
| STATE OF GEORGIA, WARDEN HUGH SMITH, Georgia State Prison, | : |
| | : |
| Respondents. | : |

**ORDER**

Before the Court are Petitioner's Motion for Recusal [97], Motion to Appeal *in forma pauperis* [98], Motion for Reconsideration [99], "Motion to Recall Mandate to Prevent a Miscarriage of Justice" [100], "Rule 60(b)(3) Motion" [102], "§ 2251 Petition for Enlargement" [104], and "Motion to Set Aside Order/Judgment" [104]. After reviewing the record, the Court enters the following Order.

**I.   Background**

Petitioner filed a Petition for Writ of Habeas Corpus [18] challenging state convictions for child molestation and related charges arising out of

convictions in Cherokee and Gordon Counties.  In an Order entered on May 6, 2005 [52], the Court denied the Petition.[1]  On May 23, 2005, Petitioner moved for reconsideration of that Order.  By an Order entered on June 13, 2005 [61], the Court declined to reconsider, finding that it did not have jurisdiction to do so in light of Boone v. Sec'y Dep't of Corrections, 377 F.3d 1315, 1317 (11th Cir. 2004) (holding that district courts do not generally have jurisdiction to consider a Rule 60(b) motion to reconsider the denial of habeas petitions), and that, in any event, Petitioner's Motion was without merit.

Subsequently, Petitioner moved the Court again to reconsider.  By an Order dated July 8, 2005 [68], the Court denied Petitioner's second Motion for Reconsideration, citing reasons similar to those provided in its Order of June 13, 2005, and particularly its want of jurisdiction.  On August 8, 2005, the Court issued an Order [74] denying Petitioner's third Motion for Reconsideration, again for lack of jurisdiction.  On March 19, 2007, the Court issued an Order [96] denying Petitioner's fourth Motion for Reconsideration.

---

[1] On January 5, 2007 [88], the United States Court of Appeals for the Eleventh Circuit affirmed this Court's Order of May 6, 2005 dismissing Petitioner's habeas petition.  The United States Supreme Court has denied certiorari [103].

Presently, Petitioner made several filings. He has moved for reconsideration of the Court's Order of March 19, 2007 [96] denying his fourth Motion for Reconsideration. He has also moved for the undersigned, Judge Richard W. Story, to recuse himself from the case. Petitioner has submitted a 60(b)(3) motion for reconsideration to prevent fraud on the court. Additionally, he has moved to appeal *in forma pauperis* the Court's denial of his several Motions for Reconsideration,.

## II.     Discussion

With regard to Petitioner's Motion for Recusal, the Court concludes that Petitioner has failed to establish any bias or prejudice on the part of the undersigned. For this reason, Petitioner's Motion for Recusal [97] is **DENIED**.

Next, the Court declines to reconsider its Order of March 19, 2007 denying Petitioner's fourth Motion for Reconsideration. For this reason, Petitioner's Motion for Reconsideration [99] is **DENIED**.

Furthermore, the Court concludes that Petitioner has failed to establish any evidence of fraud on the Court that would warrant reconsideration of its Order of May 6, 2005 [52]. For this reason, Petitioner's Rule 60(b)(3) Motion [102] is **DENIED**.

With regard to Petitioner's Motion to Appeal *in forma pauperis*, the Court finds that all issues Petitioner has proposed for appeal are frivolous.[2] For this reason, Petitioner's Motion to Appeal *in forma pauperis* [98] is **DENIED**.

Finally, the Court declines to grant relief with regard to Petitioner's other motions and filings, as they are meritless, duplicative, and untimely. Thus Petitioner's "Motion to Recall Mandate to Prevent a Miscarriage of Justice" [100], "§ 2251 Petition for Enlargement" [104], and "Motion to Set Aside Order/Judgment" [104] are **DENIED**.

## III.   Injunction

Although this Court has cautioned Petitioner about the nature of his filings, a review of Petitioner's motions in this case reveals a consistent pattern of frivolous and redundant filings. The Eleventh Circuit recognizes this Court's authority to impose restrictions on Petitioner's ability to file. See generally Procup v. Strickland, 792 F.2d 1069 (11th Cir. 1986) (outlining potential restrictions). As Procup explains: "Federal courts have both the inherent power

---

[2] The issues listed in Petitioner's Motion [98] are frivolous for the reasons stated in the Court's Order of March 19, 2007 [96] and for the reasons stated by this Court in its Order of May 6, 2005 [52] and for the reasons stated by the Eleventh Circuit Court of Appeals in the appeal of the May 6, 2005 Order [88].

and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions. . . . The court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." Id. at 1073-74 (internal citations omitted).

The Court finds that it is necessary to enjoin Petitioner from making future filings in this case to protect the Court's jurisdiction. Accordingly, the Court hereby **ENJOINS** Petitioner Warren Skillern from making future filings in this case **and** from attempting to open new actions without complying with the following procedures. If Petitioner wishes to make a filing in this case or open a new action, he must submit a Petition for Leave to File, along with a proposed document for filing and a copy of this Order, to this Court for consideration. The Clerk is hereby **DIRECTED** that if Petitioner submits such a Petition, the Clerk shall forward the Petition and accompanying documents to the undersigned for consideration. The Clerk is further **DIRECTED** not to docket a filing or open a case file in such circumstances until this Court issues an Order so directing. If Petitioner fails to comply with this Order by

submitting a document for filing without a Petition and copy of this Order, the Clerk is **DIRECTED** to return the document to Petitioner.

## IV.   Conclusion

Based on the foregoing, Petitioner's Motion for Recusal [97], Motion to Appeal *in forma pauperis* [98], Motion for Reconsideration [99], "Motion to Recall Mandate to Prevent a Miscarriage of Justice" [100], "Rule 60(b)(3) Motion" [102], "§ 2251 Petition for Enlargement" [104], and "Motion to Set Aside Order/Judgment" [104] are hereby **DENIED**.

Furthermore, Petitioner is hereby **ENJOINED** from making future filings in this case **and** from attempting to open new actions without complying with the procedures delineated above.

**SO ORDERED**, this   24   day of October, 2007.

*Richard W. Story*
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)